**In re QSM, LLC, Debtor,**

**Robert O. Tyler, Plaintiff,**

v.

**McLane Foodservice, Inc., Defendant.**

**Bankruptcy Nos. 1:09bk10642, 1:11ap01068.
Civil No. 1:11cv410.**

United States District Court, E.D. Virginia, Alexandria Division.

May 26, 2011.

Derek K. Prosser, Tyler Bartl Ramsdell & Counts PLC, Alexandria, VA, for Plaintiff.

Adam Jay Smith, Baker & Hostetler LLP, Washington, DC, for Defendant.

### ORDER

T.S. ELLIS, III, District Judge.

At issue in this adversary action pending in a bankruptcy court proceeding is whether the reference to the bankruptcy court should be withdrawn for this action at this time where, as here, it is unclear whether a jury trial on this action will be necessary, inasmuch as the summary judgment stage has not yet been reached. For the reasons that follow, it is appropriate to deny the motion as premature and to allow the bankruptcy court to continue hearing this adversary action through the adjudication of any summary judgment motions. In the event the action is not resolved on summary judgment, and a jury trial becomes necessary, the reference will be withdrawn so that the jury trial may be conducted in the district court.

## I.[1]

This is an adversary action brought in connection with a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Virginia by plaintiff Robert O. Tyler ("plaintiff"), in his capacity as bankruptcy trustee, to recover an alleged preferential transfer of funds from QSM, LLC ("debtor") to McLane Foodservice, Inc. ("defendant"). Debtor, a Virginia limited liability company, owned and operated twenty-seven Pizza Hut franchise restaurants in Pennsylvania and New Jersey. Plaintiff alleges that prior to filing for bankruptcy, debtor depended exclusively on defendant, a food supplier, for all the restaurant ingredients for its franchises. On October 31, 2008, debtor sold its assets to Keystone Pizza Partners, LLC ("Keystone") in exchange for $6,200,000. Debtor directed the closing agent to distribute these proceeds among several creditors, and among these payments was a payment to defendant for $406,458.63. Plaintiff alleges that this payment by debtor was a preferential transfer intended to satisfy an antecedent debt to defendant, and that debtor was insolvent at the time of the transfer. Accordingly, plaintiff seeks reversal of the transfer by way of judgment against defendant in the amount of $406,458.63.

The matter was referred to the bankruptcy court pursuant to the standing order of reference in this district.[2] Defendant answered plaintiffs complaint and demanded a jury trial without consenting to the bankruptcy court's jurisdiction. Shortly after beginning discovery, defendant moved to withdraw the matter to the district court, contending that the matter must be withdrawn because only the district court may conduct a jury trial in light of the defendant's refusal to consent to bankruptcy court jurisdiction. Plaintiff concedes that the district court must conduct the jury trial, if one is required, but argues that the withdrawal should be postponed until the bankruptcy court completes discovery and adjudicates summary judgment motions, which may resolve the matter.

## II.

Federal district courts, pursuant to 28 U.S.C. § 1334, exercise original jurisdiction over all bankruptcy matters, but are enabled by statute to refer these proceedings to subordinate bankruptcy courts as a matter of course, which this district has done. *See* 28 U.S.C. § 1334(a)-(b); § 157(a); *see also* Standing Order of Reference. Yet, pursuant to 28 U.S.C. § 157(d), district courts "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[3] Although "cause" is not statutorily defined, courts in this circuit have consistently recognized that six factors govern the analysis for discretionary withdrawal: (i) whether the proceeding is core or non-core, (ii) the uniform administration

---

1. These facts recited here are derived from the parties' pleadings and are limited to facts necessary to understand and resolve the question presented.

2. *See In the Matter of the Administration of the Bankruptcy Courts and Reference of Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District* (E.D. Va. Aug. 15, 1984) (Order) ("Standing Order of Reference").

3. In contrast to discretionary withdrawal for "cause shown," § 157(d) also provides for mandatory withdrawal where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* The parties agree that mandatory withdrawal is not applicable in this case.

of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial. *See In re U.S. Airways Group, Inc.,* 296 B.R. 673, 677 (E.D.Va.2003) (*followed by Marine Energy Sys. Corp. v. Gilliam,* 2010 WL 680328, at *2–3, 2010 U.S. Dist. LEXIS 16251, at *6–7 (D.S.C.2010); *Blackshire v. Litton Loan Servicing, L.P.,* 2009 WL 426130, at *2, 2009 U.S. Dist. LEXIS 17715, at *6 (S.D.W.Va. Feb. 13, 2009); *Vieira v. AGM, II, LLC,* 366 B.R. 532, 538 (D.S.C.2007)). Discretionary withdrawal must be determined on a case-by-case basis, but the burden of demonstrating cause for discretionary withdrawal is on the movant. *US Airways,* 296 B.R. at 677.

■ As an initial matter, the parties do not dispute that the adverse proceeding in issue is a "core proceeding" within the meaning of 28 U.S.C. § 157. *See* 28 U.S.C. § 157(b)(2)(F) (defining "core proceeding" to include "proceedings to determine, avoid, or recover preferences"). Additionally, defendant has not expressly consented to allowing the bankruptcy court to preside over the jury trial, meaning that a trial, if one becomes necessary, would have to be conducted in the district court. *See* 28 U.S.C. § 157(e) (express consent required for bankruptcy court to preside over jury trial). Thus, these factors weigh in favor of withdrawing the matter from the bankruptcy court.

Yet, this does not end the analysis, for as plaintiff appropriately points out, trial in this case is far from imminent. Indeed, discovery has only recently commenced, and both parties have indicated that they are likely to file motions for summary judgment following completion of discovery, the resolution of which might well obviate the need for a trial.[4] Given this, plaintiff sensibly argues that judicial economy does not favor withdrawal at this time; instead, it is more appropriate to allow the bankruptcy court to continue to adjudicate this action through the summary judgment stage, particularly in light of the fact that the action is a core proceeding and the bankruptcy court has special expertise in connection with the adjudication of preferential transfers.

■ The case law in this circuit and elsewhere supports plaintiff in this regard. As the Fourth Circuit observed, the mere fact that the district court must conduct a jury trial in an adversary proceeding

> does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.

*In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir.1993); *see also In re Kleinert's, Inc.,* 2004 WL 1878787, at *2–3, 2004 U.S. Dist. LEXIS 16677, at *7 (S.D.N.Y. Aug. 19, 2004) ("The right to a jury trial does not always require an immediate withdrawal of the reference.").

---

**4.** Paradoxically, defendant asserts, on the one hand, that it will file a motion for summary judgment, and on the other, that "this case involves multiple factual disputes and is unlikely to be resolved upon a motion for summary judgment." Def. Reply Mem. at 2. Of course, if defendant does not believe summary judgment is appropriate, it should not file a frivolous summary judgment motion. *See* Rule 11, Fed.R.Civ.P. (requiring a good faith basis for civil pleadings); Rule 9011, Fed. R. Bankr.P. (same for bankruptcy pleadings). In any event, the merits of the parties' summary judgment positions are neither presented nor addressed here.

As other courts have sensibly observed, a rule requiring immediate withdrawal of reference where a jury trial is required "runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts." *Kleinert's, Inc.*, 2004 WL 1878787, at *2–3, 2004 U.S. Dist. LEXIS 16677, at *7 (citing *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992)); *accord City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S.*, 125 B.R. 645 (N.D.Ala. 1989) ("judicial economy will be furthered by allowing the reference to stand during the pendency of pre-trial proceedings").

Seeking to avoid this conclusion, defendant counters that judicial economy in fact favors withdrawal at this time, given that even if the bankruptcy court adjudicates summary judgment motions, that decision would likely be appealed. Defendant essentially argues that it is a waste of judicial resources to leave summary judgment proceedings to the bankruptcy court where review by the district court is, in defendant's view, inevitable. This argument, while plausible, is not persuasive. To begin with, the forecast of an appeal is speculative, as neither party has yet even filed a summary judgment motion, nor has any appealable decision issued. But more importantly, the argument "proves too much, [for] if accepted it would lead to the nonsensical conclusion that all references should be withdrawn since all dispositive matters resolved by the bankruptcy court may be appealed to the district court." *US Airways*, 296 B.R. at 683 n. 22; *see also Vieira*, 366 B.R. at 540 (holding that "even if the district court must review some issues decided by the Bankruptcy Court *de novo*, such a review is not . . . a waste of judicial resources").

▮ Additionally, the uniform administration of bankruptcy law also favors deny-ing withdrawal at this time. Where, as here, parties to a "core" proceeding seek summary judgment, such motions "are particularly well suited to be addressed and resolved in the first instance by the bankruptcy court with its special competence and expertise in such issues." *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (E.D.Va.2003); *see also In re Jaritz Indus., Ltd.*, 151 F.3d 93, 107 (3d Cir.1998) (holding that "the purpose of establishing a nationwide bankruptcy system is to alleviate the district courts of excessive workloads and to provide a system where judges with experience and expertise in bankruptcy matters can handle bankruptcy claims").

In sum, although withdrawal of the reference may well be appropriate if this matter proceeds to a jury trial, judicial economy and the uniform administration of bankruptcy proceedings point persuasively in favor of denying discretionary withdrawal of the reference at this time. Furthermore, allowing the bankruptcy court to oversee discovery and adjudicate summary judgment motions in the first instance does not in any way infringe on defendant's right to a jury trial in the district court. Therefore, it is appropriate to deny defendant's motion at this time and to allow the bankruptcy court to continue to adjudicate the matter through the summary judgment stage. If the matter is not then resolved, the parties may renew a request for withdrawal of the reference.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's motion to withdraw the order of reference (Doc. No. 2) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.